ANATOLE BUXHOEVEDEN, Appellant, v. ESTONIAN STATE BANK, Respondent, Impleaded with Another. (Appeal No. 1.) As matter of law, upon the undisputed facts disclosed in the record, Kaiv, the Acting Consul General of Estonia, was vested with authority to make, through Messrs. Kirlin, Campbell, Hickox, Keating & McGrann, his attorneys, on behalf of the defendant, the motion which resulted in the order appealed from. Lazansky, P. J., Hagarty, Johnston, Taylor and Close, JJ., concur.

ANATOLE BUXHOEVEDEN, Appellant, v. ESTONIAN STATE BANK, Respondent, Impleaded with Another. (Appeal No. 2.) No opinion. Lazansky, P. J., Hagarty, Johnston and Close, JJ., concur; Taylor, J., dissents and votes to reverse the order on the law and to deny the motion on the ground that upon the undisputed proofs, Johannes Kaiv was in legal effect a managing agent of the defendant bank, a foreign corporation organized and existing under the laws of the Republic of Estonia, within the purview of Civil Practice Act, section 229. Service of the summons and complaint upon him, therefore, was sufficient to give the court jurisdiction of the defendant *in personam*.

ANATOLE BUXHOEVEDEN, Appellant, v. ESTONIAN STATE BANK et al., Respondents, Impleaded with Another.— In our opinion (1) this is an action at law for money had and received by respondent bank to the use of the plaintiff's assignor; (2) the papers upon which the warrant of attachment was granted are sufficient in law to warrant the granting thereof; and (3) Johannes Kaiv, Acting Consul General, had full authority on behalf of the defendant to make the motion to vacate the warrant, and Messrs. Kirlin, Campbell, Hickox, Keating & McGrann had full authority to make said motion on behalf of respondents. Lazansky, P. J., Hagarty, Johnston, Taylor and Close, JJ., concur.