In the Matter of AMERICAN LEAGUE FOR A FREE PALESTINE, INC., Judgment Creditor, against TYRE SHIPPING Co., INC., Judgment Debtor.

Supreme Court, Special Term, New York County, September 2, 1952.

*Bennet, House & Couts* for judgment creditor.

*Joseph H. Stein* for judgment debtor.

DI FALCO, J. Ralph Goldman, Director of the Division of Professional and Technical Personnel of the Israel Consulate in this city, has appeared for examination as a witness in supplementary proceedings in response to a subpœna duces tecum caused to be served by the judgment creditor. Objections have been raised by the witness to certain questions on the ground that they relate to matters, in relation to which he had been acting in an official capacity, and he was instructed by the Consul that he was not to divulge any information obtained in his official capacity. While a consular officer is not exempt from being called as a witness he may not be required to testify concerning the contents of the consular archives nor to divulge information, which has come to him in his official capacity (see IV Hackworth, Digest of International Law, § 437, p. 753 *et seq.*, and 5 Moore, International Law Digest, § 714, pp. 84, 85). The objections are sustained and the witness is not required to answer such questions.

(Supplemental opinion, September 16, 1952.)

Since my memorandum decision rendered herein on September 2, 1952, the unusual and interesting features of this application and of the applicable law involved have continued to claim my interest and attention to further research. In his supplemental or reply brief counsel for the judgment creditor states that the records concerning which the witness is proposed to be questioned are the corporate records of the judgment debtor, a New York corporation, which have been deposited in the consulate. He urges that where a Government steps into the market place and interests itself in the affairs of a commercial corporation, it accepts the responsibilities of the market place and makes itself accountable just as any other merchant. Section 10 of the Stock Corporation Law provides that the stock book of every stock corporation shall be open daily, during at least three business hours, for inspection by any judgment creditor of the corporation. If this application were one to direct the production of the stock books pursuant to said section 10, I would have no hesitancy now in granting such relief to the extent only of allowing an examination solely of the contents of the corporate books. However, that is not before me. I therefore adhere to my original determination, without prejudice, however, to such application by the judgment creditor as it may be advised to make in accordance with section 10 of the Stock Corporation Law.