Joseph A. Cox, S.
This is a discovery proceeding instituted on the petition of the First National City Bank and Trust Company as administrator of deceased’s estate. The order in discovery was addressed to Mohammed Gayara “ Acting-Consul General in the City of New York for the Republic of Iraq and Nizar A1 Kadi Consul in the City of New York for the Republic of Iraq ’ ’, requiring them to submit to examination concerning- property allegedly belonging to the deceased. The present government of Iraq has appeared specially and contests the jurisdiction of the court on the ground that the proceeding (c violates the sovereignty of the Republic of Iraq ”.
*301 The petitioner in its brief cites a number of cases which are not material to the issue since they deal with litigation involving consuls as individuals and not as the representatives of foreign governments. Typical of these is the Tailored Woman v. Bibily (212 N. Y. S. 704) which arose out of a purchase of merchandise by the defendant, a member of the staff of the French Consulate General.
The position of the government of Iraq is based upon the principle of the immunity of foreign governments from suit, citing Guaranty Trust Co. v. United States (304 U. S. 126, 134) in which it was held that upon the “ principle of comity foreign sovereigns and their public property are held not to be Amenable to suit in our courts without their consent ”. The respondent appearing specially, also relies upon section 1351 of title 28 of the United States Code which provides that the Federal courts have exclusive jurisdiction over actions involving consuls and vice-consuls of foreign countries.
In view of the fact that the discovery order called upon the respondents to appear as witnesses and to be examined concerning their knowledge of property allegedly belonging to the deceased, it could not be said that the proceeding was in fact at this stage a suit against them or against their government. For this reason, the issue here must be decided upon the law applicable to the power of a local court to compel the attendance of a consular officer to appear as a witness in a matter pending before it. Consular officers, unlike members of embassy staffs, do not enjoy diplomatic immunity except as otherwise provided by treaty (Arcaya v. Paez, 145 F. Supp. 464, 466, affd. 244 F. 2d 958 and cases there cited). Local courts, however, cannot compel such an officer to disclose any information acquired by him in his official capacity nor is the compulsory production of official records of his government permissible. (Matter of American League for a Free Palestine v. Tyre Shipping Co., 202 Misc. 831, affd. 281 App. Div. 655. See, also, 4 Hackworth “ Digest of International Law ”, § 437, p. 753.) The principle is based upon comity and exists even in the absence of a treaty which, incidentally, is the case here as appears from letters to the petitioners ’ attorney from the Department of State under date of July 30,1959 and February 4,1960, stating that no such treaty has been concluded between the Republic of Iraq and the Government of the United States.
The question whether the information which is sought to be elicited from the consul is concerned with official business as distinguished from his individual affairs is one which the officer summoned has the exclusive right to decide. The court from *302 which the subpoena issued is not empowered to make an initial inquiry in connection with that problem. (Samad v. The Etivebank, 134 F. Supp. 530.) It is not within the scope of the court’s prerogative to question the exercise of the discretionary judgment reserved to the consular official in regard to his exemption from compulsion to appear, the propriety of his testifying or declining to testify resting exclusively with him.
The jurisdiction of this court has been challenged by the special appearance of the government of Iraq. It has been held that the question of the immunity of a consular official from compulsory examination is properly raised by such a motion (Buxhoeveden v. Estonian State Bank, 265 App. Div. 966). For the reason stated and upon the authorities of the cases above cited, the court holds that the petition in discovery shall be dismissed. Submit order on notice.